# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION

| | |
|---|---|
| RFW CONSTRUCTION GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ENERGY AND POWER SOLUTIONS, INC., <br><br> Defendant. | Case No. 1:10-cv-1268-JDB-egb |

## REPORT AND RECOMMENDATION

This matter is on referral for a Report and Recommendation with respect to entry of default judgment against Defendant and, if necessary, to hold a hearing as to damages and other relief sought by the Plaintiff.

## Relevant Background

On July 1, 2013, the United States District Court granted an order [D.E. 74] permitting counsel for the Defendant Energy Power Solutions, Inc. to withdraw and further, ordered the Defendant to advise the Court within thirty (30) days of the entry of the order of the name(s) of its new attorney(s). Further, the Court ordered that the failure of the corporate Defendant to comply with this order to appear by counsel—or with any other orders of the Court—may result in the entry of default judgment in favor of Plaintiff. On that same day, July 1, 2013, a copy of this order was mailed by the Court Clerk to Defendant at 150 Paularino Avenue, Ste. A120, Costa Mesa, California 92626.

## Report and Recommendation

Defendant has willfully failed to comply with this Court Order and has already been warned by the Court that a corporation cannot represent itself. *See Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *Ginger v. Cohen,* 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."); *Grainger v. Solomon,* 2008 U.S. Dist. LEXIS 72337, at *3 (E.D. Tenn. Aug. 12,2008) (accord). As the Sixth Circuit has noted, "[f]ederal courts have inherent power to manage their cases, which includes the power to sanction conduct that abuses the judicial process." *Children's Ctr. for Developmental Enrichment v. Machle*, 612 F.3d 518, 524 (6th Cir. 2010). This inherent power is reflected in Rule 16 of the Federal Rules of Civil Procedure. *See* Rule 16(f) (stating, in part, that "…on its own…the court may issue any just orders…if a party or its attorney…fails to obey a scheduling or other pretrial order.").

Additionally, Defendant has failed to and cannot "otherwise defend" the instant action. See Fed. R. Civ. P. 55(a); *Rhino Assocs., L.P. v. Berg Mig. & Sales Corp.,* 2008 U.S. Dist. LEXIS 2379, at *6 (M.D. Pa. Jan. 11, 2008) (entering default against corporate defendant who had filed an answer and then had its counsel withdraw, because the corporation failed to "otherwise defend" the action by not obtaining substitute counsel). Plaintiff, therefore, is entitled to a final entry of default judgment as to its claims against Defendant. *Fingerhut Corp. v. Ackra Direct Mktg. Corp.,* 86 F.3d 852, 857 (8th Cir. 1996) (affirming default judgment and finding corporate defendant was "technically in default beginning on [the day its counsel's motion to withdraw was granted]); *Colloids v. Jadair, Inc.,* 1998 US. App. LEXIS 4959 (4th Cir. Mar. 16, 1998) (unpublished) (entering default judgment against a corporation for failing to obtain

counsel), cert. denied, 525 US. 872 (1998); *Inspirational Network, Inc. v. TMHTelemedia Servs. Ltd.,* 2011 US. Dist. LEXIS 18415, **6-7 (W.D.N.C. Feb. 1, 2011)("[The corporate defendant's failure to comply with the Court's Order to retain counsel warrants entry of default judgment and dismissal of its Counterclaims."); *Specialty Vehicle Acquisition Corp. v. Am. Sunroof Corp.,* 2008 US. Dist. LEXIS 8931,at *2 (E.D. Mich. Feb. 7, 2008) ("Because an attorney has not appeared on behalf of the Corporation, the Court will grant Plaintiffs' motion for entry of default as to the Corporation.")

On September 16, 2013 the Magistrate Judge held a hearing on to determine the damages of Plaintiff as against Defendant. York Walker, executive Vice President of RFW, testified on behalf of Plaintiff. Mr. Walker discussed his role within the company as well as the exhibits to the Complaint detailing Plaintiff's damages. Based on the hearing and the record in its entirety, the Magistrate Judge recommends that default judgment be entered against Defendant and finds an award of $827,634.55 reasonable, necessary, and supported by the evidence.

Respectfully Submitted,

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **<u>September 16, 2013</u>**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**